UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

E-GRAPHIC DESIGN INC, CASE NO. 26-25103-RAM

Debtor. Chapter 11, Subchapter V

**DEBTOR'S EMERGENCY MOTION FOR**
**AUTHORITY TO USE CASH COLLATERAL**

***Emergency Hearing Requested***

**STATEMENT OF RELIEF REQUESTED**

The Debtor respectfully requests that the Court conduct an emergency hearing on this Motion within two (2) business days of the Petition (as defined herein), consistent with Local Rule 9013-1(F). The Debtor seeks authority to use cash collateral to fund its operating expenses and costs of administration in this Chapter 11 case and to provide replacement liens as described below as adequate protection for the interests in its cash collateral. The Debtor believes that the sum of the parties listed herein may assert a valid and perfected security interest in the cash collateral. As adequate protection, the Debtor proposes to grant to those parties replacement liens to the same extent, validity, and priority as the security interests held by the parties as of the Petition Date. The Debtor respectfully requests that the Court waive the provisions of Local rule 9075-1(B), which requires an affirmative statement that a *bona fide* effort was made in order to resolve the issues raised in this Motion, as the relief requested herein is urgent in nature and does not lend itself to advance resolution.

E-GRAPHIC DESIGN INC (**"Debtor"**), by and through its undersigned attorneys, hereby files this Emergency Motion for Authority to Use Cash Collateral (**"Motion"**) pursuant to 11 U.S.C. §§105, 363, and 541 and Rule 4001 of the Federal Rules of Bankruptcy Procedure. In support of this Motion, the Debtor would show:

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§157 and 1334. The subject matter of this Motion is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper in this district pursuant to 28 U.S.C. §1408. The statutory predicates for the relief sought herein are §§105, 363, and 541 of the Bankruptcy Code. No previous application for the relief sought herein has been made by the Debtor to this Court or any other court.

2. On November 12, 2026 (**"Petition Date"**), the Debtor filed a Voluntary Petition for Relief under Chapter 11 of Title 11 of the United States Code (**"Bankruptcy Code**"). The Debtor is operating its business and managing its property as debtor in possession pursuant §§1107(a) and 1108 of the Bankruptcy Code.

3. The Debtor owns and operates a small e-graphic design business in Miami, Florida (**"E-Graphic Design"**).

4. No trustee or examiner has been appointed in this case and no official committees have yet been appointed pursuant to §1102 of the Bankruptcy Code.

5. On or about June 8, 2023, the Debtor borrowed approximately $208,400.56 in line of credit from JPMorgan Chase Bank, NA (**"Bank"**) and executed a UCC-1 blanket lien on all the business assets and future assets in the Bank's favor.

6. Pursuant to the UCC-1 filing, the Bank may claim a security interest in leases, rents, and other personal property (collectively, the **"Collateral"**) generated from the operations of the Debtor's business.

7. On or about June 6, 2026, the Debtor borrowed approximately $100,000.00 from Channel Partners Capital, LLC (**"Channel"**) and executed a UCC-1 blanket lien on all the business assets and future assets in the Channel's favor.

8. Pursuant to the UCC-1 filing, Channel may claim a security interest in leases, rents, and other personal property (collectively, the **"Collateral"**) generated from the operations of the Debtor's business.

9. The Debtor believes that Bank and Channel will assert that it has perfected security interests in the Collateral.

10. The proceeds from the Collateral may constitute the Bank's and Channel's cash collateral (**"Cash Collateral"**). By this Motion, the Debtor seeks the entry of an order authorizing its use of Cash Collateral. The Debtor proposes to use Cash Collateral for purposes which include the following:

   a. Care, maintenance and preservation of the Debtor's assets;
   b. Payment of necessary payroll and other business expenses;
   c. Purchase of goods and services;
   d. Continued business operations;

e. Prepetition attorney fees in the amount of $3,750.00; and

f. Trustee Quarterly fees.

Except as specifically authorized by law or court order, the Debtor will not use Cash Collateral to pay prepetition obligations.

11. The Debtor must have access and authorization to use Cash Collateral in the amounts and for the purposes set forth in the budget (**“Budget”**) attached as **Exhibit “A”** to this Motion. The Debtor proposes to allow floating liens on the post-petition Collateral in the same amount and level as the Bank’s or Channel’s held prepetition. Because of uncertainties in the of timing of expenses and purchases, and the impact of Chapter 11 on these items, it is impossible to accurately predict the precise amount of Cash Collateral necessary for the Debtor to operate its business The proposed use of Cash Collateral will not, in any event, impair the Bank’s or Channel’s position.

12. The Debtor requests authority to use Cash Collateral immediately to and the operating expenses necessary to continue the operation of its business and to maintain the estate, to maximize the return on its assets, and to otherwise avoid irreparable harm and injury to its business and the estate. This Motion is filed without prejudice to the Debtor’s right to request further authority to use Cash Collateral in excess of the amounts sought herein.

13. There is insufficient time for a full hearing pursuant to Bankruptcy Rule 4001(b)(2) to be held before the Debtor must use Cash Collateral. If this Motion is not considered on an expedited basis and if the Debtor is denied the ability to immediately use Cash Collateral, there will be a direct and immediate material and adverse impact on the continuing operation of the Debtor’s business and on the value of it assets. In order to continue its business activity and achieve a successful reorganization, the Debtor must use Cash Collateral in its ordinary business operations. This inability of the Debtor to meet its ordinary business expenses will require the Debtor to discontinue normal operations, which will result in irreparable injury to the Debtor and its chances for reorganization. Any discontinuation would also materially and adversely impact the value of the Collateral. Indeed, it is in the Bank’s best interest that the Debtor use its Cash Collateral, if the use will preserve the value of the Collateral.

14. The Debtor proposes to grant Bank and Channel a replacement lien on all Cash Collateral acquired after the Petition Date equal in extent, validity, and priority to the security interest in Cash Collateral that Bank held as of the Petition Date. In other words, the Debtor proposes that Bank’s and Channel’s “floating” liens on such assets continue to “float” on postpetition Cash Collateral,

notwithstanding §552 of the Bankruptcy Code to the same extent and level of priority as the prepetition liens on the Collateral.

15. The interests of Bank will be adequately protected by the continued maintenance of the collateral. The Debtor further alleges that all conditions precedent to the use of Cash Collateral have been performed or have occurred.

16. If allowed to use Cash Collateral, the Debtor believes that it can operate its business during the Chapter 11 and successfully reorganize its business.

17. In order to ensure that the Debtor operates effectively throughout this bankruptcy proceeding, the Debtor also requests permission to:

a. Exceed any line item on the budget by an amount equal to ten percent (10%) of each such line item; or

b. To exceed any line item by more than ten percent (10%) so long as the total of all amounts in excess of all line items for the Budget do not exceed ten percent (10%) in the aggregate of the total budget.

WHEREFORE, E-GRAPHIC DESIGN INC, the Debtor, respectfully requests that this Honorable Court (i) enter an order granting this Motion on an emergency interim basis *nunc pro tunc t*o the Petition Date; (ii) authorizes the Debtor's use of Cash Collateral in accordance with the Budget and to provide related adequate protection; (iii) permitting the Debtor to deviate from the Budget in the amount of ten percent (10%) to the extent necessary; (iv) scheduling a Final Hearing in order to authorize the Debtor's use of Cash Collateral; and (v) granting such other and further relief as the Court shall deem just and proper.

Dated: November 16, 2026

**MITCHELL ST. LOUIS, P.A.**

/s/ Vladimir St. Louis

BY: ______________________________

Vladimir St. Louis, Esq, FBN: 104818
Attorney for Debtor
Email: Vladimir@mitchellstlouis.com
2450 Hollywood Blvd, Suite 104
Hollywood, FL 33020
Telephone: (954) 745-4665

**CERTIFICATE OF SERVICE**

I hereby certify that on November 16, 2026, I electronically filed the foregoing Debtor's Emergency Motion for Authority to Use Cash Collateral with the Clerk of the Court by using the CM/ECF system which will electronically notify all CM/ECF participants has been furnished by electronic mail upon all currently registered users in this caseby the Court's CM.ECF in this case as follows: Vladimir St. Louis on behalf of E-Graphic Design Inc, Vladimir@mitchellstlouis.com; Aleida Martinez-Molina, Esq. on behalf of U.S. Trustee, Martinez@subv-trustee.com, Subchapter V Trustee – Miami, Steven D. Schneiderman on behalf of U.S. Trustee Office of the US Trustee, Steven.D.Schneiderman@usdoj.gov United States Trustee – Miami; Office of the US Trustee, USTPRegion21.MM.ECF@usdoj.gov; and via U.S. Mail to:

**Debtor:** E-Graphic Design Inc, Attn: Antoni José Mujico Largo, 7220 NW 58th Street, Miami, FL 33166

**Twenty (20) Largest Unsecured Creditors:** Amur Equipment Finance, Inc., 304 W. 3rd St, PO Box 2555, Grand Island, NE 68801; JPMorgan Chase, Chase Card Services, Attn: Bankruptcy Department, PO Box 15298, Wilmington, DE 19850; Bank of America, Attn: Bankruptcy Dept, PO Box 672050, Dallas, TX 75267; Channel Partners Capital, LLC, 10900 Wayzata Blvd, Ste 300, Minnetonka, MN 55305; Grimco, Inc., 11745 Sappington Barracks Rd, Sappington, MO 63127; Loyalty Signs Corp, Attn: Richar L. Valdez Vizcaino, 7220 NW 58th St, Doral, FL 33166; Mitchell St. Louis, P.A., 2450 Hollywood Blvd, Suite 104, Hollywood, FL 33020; Miami-Dade Personal Property Tax Collector, Stephen P. Clark Center, 111 NW 1st St, Ste 710, Miami, FL 33128-1984.

/s/ Vladimir St. Louis
Vladimir St. Louis, Esquire (FBN: 104818)
Email: Vladimir@mitchellstlouis.com